# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADRIAN C. RANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-10-399-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Adrian C. Raney requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1]Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born January 12, 1967, and was forty-one years old at the time of the administrative hearing. (Tr. 22, 90, 93). He completed high school and attended junior college (Tr. 22, 112), and has worked as an auto body repairman, deli clerk, and pizza delivery driver (Tr. 16). He alleges that he has been disabled since July 28, 2005, due to hip problems and diabetes. (Tr. 90, 106).

### Procedural History

On October 28, 2002, the claimant filed for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 90-95). His applications were denied. ALJ Lantz McClain held an administrative hearing and determined the claimant was not disabled in a written opinion dated March 23, 2009. (Tr. 10-18). The Appeals Council denied review, so the ALJ's written opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant's severe impairments of diabetes mellitus and status post bilateral hip replacements did not preclude him from performing the full range of sedentary work as defined in 20 C.F.R. §§ 404.1521 and 416.921, *i. e.*, he could lift/carry ten pounds

frequently/occassionally, stand/walk two hours in an eight-hour workday, and sit six hours in an eight-hour workday. (Tr. 13). The ALJ concluded that, although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the regional and national economies, *e. g.*, clerical mailer, trimmer, and surveillance monitor. (Tr. 17).

## Review

The claimant contends that the ALJ erred: (i) by failing to consider *all* of his impairments at step five, particularly his nonsevere impairment of blurry vision, and (ii) by failing to properly evaluate his credibility. As part of his second contention, the claimant argues that the ALJ improperly relied on boilerplate language, engaged in picking and choosing of the medical evidence, and improperly substituted his opinion for that of a doctor. The undersigned Magistrate finds the claimant's second contention persuasive for the following reasons.

The relevant medical evidence reveals that the claimant was treated for diabetes mellitus, as well as recurring abscesses that were positive for MRSA which required treatment and/or hospitalization. (Tr. 176-313, 329-335, 370-394). A state consultative examiner noted the claimant's hip problems and diabetes, but made no mention of the recurrent MRSA infections. (Tr. 317-319).

The claimant testified at the administrative hearing, as relevant, that he has had both hips replaced, has diabetes, and frequently develops MRSA skin infections. (Tr. 23-24). As to his hips, he stated that he was able to work for about five years after his hip replacements, but that they have deteriorated again and he now struggles with stooping,

bending, and standing. (Tr. 25-26). Additionally, he stated that he could stand from 30 minutes to an hour at a time, then sit for about the same, but that he would be shifting positions frequently while sitting, and that he could walk approximately half a mile to a mile. (Tr. 25-28). As to the claimant's diabetes, he testified that he is insulin dependent, that it is not well-controlled, and that it has affected his vision and hearing. (Tr. 30-31). He stated that he first contracted a MRSA infection in 2003 or 2004, that he was not sure if it was caused by a hospital stay or an insulin injection, and that it recurs every two to three months. (Tr. 32). He further stated that he has been hospitalized three times for MRSA, that it frequently takes several days to recover from these infections, and that they are highly contagious. (Tr. 33). As to his daily activities, he testified that he stays home and tries to help around the house and that he watches a lot of television but is not very social. (Tr. 35-36).

The ALJ summarized the claimant's testimony, then stated, "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 14). The ALJ then summarized the medical evidence, and concluded that the claimant's statements as to his daily activities were not entirely credible because (i) they could not be objectively verified; and (ii) even if his daily activities were so limited, the ALJ found it difficult to "attribute that degree of limitation to the claimant's medical condition," in light of the "relatively weak medical

evidence." (Tr. 15). Additionally, the ALJ found that the claimant had not received medical care commensurate with that of a disabled person, but rather it was "essentially routine and conservative in nature"; further found the evidence showed the claimant had not been compliant with his prescribed medications; and noted that none of the medical evidence contained an opinion that the claimant was disabled or had "limitations greater than those determined in this decision." (Tr. 15-16).

Deference is generally given to an ALJ's credibility determination, unless there is an indication that the ALJ misread the medical evidence taken as a whole. *See Casias*, 933 F.2d at 801. In assessing a claimant's complaints of pain, an ALJ may disregard a claimant's subjective complaints if unsupported by any clinical findings. *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (July 2, 1996). The ALJ's credibility determination fell below these standards.

First, the ALJ mentioned but did not discuss the credibility factors set forth in Social Security Ruling 96-7p and 20 C.F.R. §§ 404.1529, 416.929, and further failed to

apply them to the evidence.[2] He was not required to perform a "formalistic factor-by-factor recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), but "simply 'recit[ing] the factors'" is insufficient, *Hardman*, 362 F.3d at 678, *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *4, and the ALJ did not even do that.

Second, the comment that "[t]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment" showed an improper approach to credibility. The ALJ should have *first* evaluated the claimant's credibility according to the above guidelines and only *then* formulated an appropriate RFC, not the other way around; instead, the ALJ apparently judged the claimant's credibility according to an already-determined RFC. Additionally, the ALJ perversely erred when finding that none of the claimant's physicians characterized him as disabled, since that finding is the province of the ALJ, not the claimant's physicians. *See Bibbs v. Apfel*, 3 Fed. Appx. 759, 762 (10th Cir. 2001) (noting "[i]t therefore would be inconsistent with the regulations to require the doctor to state such a conclusion. . . . [T]he fact that none of the doctors may have stated directly that claimant is permanently disabled is legally irrelevant.").

Last, the ALJ's finding that the claimant's statements as to his impairments were not credible because they (i) could not be objectively verified, and (ii) were difficult to attribute to his medical condition, appear to be simply boilerplate language because the

---

[2] The factors to consider in assessing a claimant's credibility are: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken; (5) treatment for pain relief aside from medication; (6) any other measures the claimant uses or has used to relieve pain or other symptoms; (7) any other factors concerning functional limitations. Soc. Sec. Rul. 96-7p at 3, 1996 WL 374186 (1996).

ALJ did not link his conclusion to any evidence. In fact, his testimony is that he is quite limited in his activities, and that he frequently suffers from highly contagious (and dangerous) abscesses. *See Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) ("[T]he ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain. The 'sporadic performance [of household tasks or work] does not establish that a person is capable of engaging in substantial gainful activity.'"), *quoting Frey v. Bowen*, 816 F.2d 508, 516-17 (10th Cir. 1987). *See also, e. g., Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008) ("The ALJ's purported pain analysis is improper boilerplate because he merely recited the factors he was supposed to address and did not link his conclusions to the evidence[.]").

Because the ALJ failed to analyze the claimant's credibility in accordance with *Kepler* and *Hardman*, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ should properly analyze the claimant's credibility, and if such analysis requires any adjustment to the claimant's RFC on remand, the ALJ should re-determine what work he can perform, if any, and whether he is disabled.

## Conclusion

In summary, the undersigned Magistrate Judge PROPOSES a finding by the Court that correct legal standards were not applied and that the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge therefore RECOMMENDS that the Commissioner of the Social Security Administration's decision be REVERSED and the case REMANDED to the ALJ for

further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 6th day of March, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma