**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

ADRIAN C. RANEY,                )
                               )
          Plaintiff,           )
                               )
v.                             )          No. CIV-10-399-FHS-SPS
                               )
CAROLYN W. COLVIN[1], Commissioner  )
Social Security Administration )
                               )
          Defendant.           )


**OPINION AND ORDER**

Plaintiff's Counsel filed a Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 31) on January 29, 2015. Judgment was entered in favor of Plaintiff on March 28, 2012, remanding this action back to the Commissioner under sentence four of 42 U.S.C. § 405(g). On June 25, 2014, Plaintiff received a fully favorable decision from the ALJ. The ALJ found that he had been disabled since July 28, 2005. The Commissioner issued a November 17, 2014, Notice of Change of Benefits letter which indicated the amount of past benefits withheld for the payment of

---

[1]The Court has been informed by Defendant that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted for Michael J. Astrue as the defendant in this action. Thus, this suit will proceed with this substitution in effect. See 42 U.S.C. Sec. 405 (g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.")

attorney fees. The total back benefits awarded to Plaintiff was $65,782.00. On November 17, 2014, the Social Security Administration notified Plaintiff's counsel that $16,445.50 had been withheld by the agency for the payment of attorney's fees.

Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such fees well after the expiration of the fourteen-day period. Id. at 505. The McGraw Court noted, however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id. Plaintiff's counsel alleges that no Notice of Award was ever issued in this case. He states that he was not aware of the amount of attorney fees withheld until on January 27, 2015, his office received the Notice of Change of Benefits letter dated November 17, 2014. The Plaintiff's Motion for Attorney Fees was filed 2 days after the receipt of the Notice of

Change of Benefits letter. The Court finds the Plaintiff's Motion is timely filed.

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $10,445.50 for counsel's representation of Plaintiff before the Court. Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement or the 25% limitation of section 406(b). Neither the Commissioner nor the Plaintiff have presented any objection to Plaintiff's counsel's request for fees in the amount of $10,445.50. The Commissioner has filed an informative response on the various points of law to be considered, but does not challenge the reasonableness of the requested fee. The Court has conducted an independent review of the record, including the contingency-fee contract between counsel and Plaintiff, and counsel's documented time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $10,455.50 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002); see also Wren v. Astrue, 525 F.3d 931, 937 (10th Cir. 2008)("the 25% limitation of fees

for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner").

Consequently, Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 31) is granted in the amount of $10,445.50.[2]

It is so ordered this 11th day of February, 2015.

Frank H. Seay
United States District Judge

---

[2]Plaintiff's counsel has attached a United States Department of Treasury document (Attachment 5) reflecting the diversion and application of Plaintiff's attorney fee award in the amount of $4,861.90 under the Equal Access to Justice Act ("EAJA") to offset Plaintiff's debt on a child support obligation from the Okmulgee District Child Support Division. Given the application of the EAJA attorney fee award as an offset, there is no EAJA attorney fee to refund to the Plaintiff. See Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008)(EAJA fees can be diverted to pay child support debt) and Garnett v. Astrue, 2009 WL 93063 (M.D. Fla. 2009) (EAJA fees not subject to refund when they are garnished to pay claimant's federal debt). Thus, the Court will not direct Plaintiff's counsel to refund the smaller EAJA amount to Plaintiff pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

4